**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-40766
Summary Calendar
_____


DAVID G. MANNING,

Plaintiff-Appellant,


VERSUS


BROWN & WILLIAMSON TOBACCO CORPORATION,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Eastern District of Texas
(1:94-CV-494)
_____

March 9, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]


    Plaintiff David Manning, proceeding _pro se_, appeals the dismissal of his complaint pursuant to FED. R. CIV. P. 12(b)(6), alleging that the district court abused its discretion when it refused his requests for additional discovery and for leave to amend his complaint.  Finding no abuse of discretion, we affirm.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

Manning, a prison inmate, brought this diversity action charging that defendant Brown & Williamson Tobacco Corporation ("Brown & Williamson) had been negligent, grossly negligent, and strictly liable for the sale of cigarettes and had conspired to mislead the public on the dangers of consuming cigarettes. The court entered a stay order pending a decision in *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420 (Tex. 1997). After the *Grinnell* decision, the stay order was lifted, and Brown & Williamson moved to dismiss, arguing that Manning had failed to state a claim upon which relief can be granted. The court did not permit further discovery but, accepting the magistrate judge's recommendation, granted the motion to dismiss.

## II.

We review decisions regarding discovery and requests to amend for abuse of discretion. *Mayo v. Tri-Bell Indus.*, 787 F.2d 1007, 1012 (5th Cir. 1986). We find no such abuse here.

### A.

Manning does not challenge the merits of the dismissal but, instead, argues that the court abused its discretion by staying discovery pending a determination of whether he had stated a claim upon which relief could be granted. Unfortunately, Manning does not explain how further discovery could affect that decision.

Because the court rejected the underlying theory Manning advanced,[1] its decision to stay discovery pending resolution of this question of law could not be an abuse of discretion.

## B.

Manning also argues that as a *pro se* plaintiff, he should have been given an opportunity to amend in the face of a rule 12(b)(6) motion. *See Bazarowx v. Scott*, 136 F.3d 1053 (5th Cir.), *cert. denied*, 119 S. Ct. 156 (1998). We agree with Brown & Williamson, however, that the court did not err in refusing his request to amend, because it gave Manning adequate notice of the motion to dismiss and because he has alleged his best case. *See id.* at 1054.

A district court may consider factors such as undue delay, repeated failures to cure deficiencies with prior amendment, and futility of amendment when exercising its discretion to deny a motion to amend. *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). Manning had approximately seven months to file an amendment; he did file responses to the motion to dismiss and to the magistrate judge's recommendation. Thus, he had plenty of notice as well as ample opportunity to respond to the motion to dismiss.

---

[1] *See Perez v. Brown & Williamson Tobacco Corp.*, 967 F. Supp. 920 (S.D. Tex. 1997) (finding that cigarettes are inherently unsafe under Texas law, and a products liability suit based on a manufacturing defect is barred by statute); *see also* TEX. CIV. PRAC. & REM. CODE § 82.004(a). Manning's claims that Brown & Williamson breached its duty to warn of the dangers of cigarette smoking also fails because this court has held that cigarette manufacturers have no such duty under Texas law. *See Allgood v. R.J. Reynolds Tobacco Co.*, 80 F.3d 168, 172 (5th Cir. 1996). Because there is no such duty, Manning's claim of conspiracy to withhold warnings also fails.

Additionally, we believe Manning has filed his best case, because he could not amend his lawsuit to avoid the grounds for its dismissal. Texas has barred all product liability actions based on alleged defects in tobacco products. *See* TEX. CIV. PRAC. & REM. CODE § 82.004(a). Manning's action constitutes such a "product liability action" as defined in the statute. Thus, the district court did not err when, following the reasoning of *Perez*, it found that Texas law barred claims under Manning's theory of liability. *See Perez*, 967 F. Supp. at 927.

AFFIRMED.